

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-14-00415-CR

ANTHONY LEE GRABLE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR10406

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Anthony Lee Grable pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* Tex. Penal Code Ann. § 22.02 (West 2011). In accordance with the terms of the plea bargain, the trial court placed him on eight years' deferred adjudication community supervision and assessed a $2000 fine.

---

[1]*See* Tex. R. App. P. 47.4.

The State subsequently filed a petition to proceed to adjudication, alleging that Grable had violated his community-supervision conditions by using alcohol and a controlled substance. The trial court kept Grable on community supervision but amended the conditions, adding that he complete a substance abuse felony punishment program.

Later, the State filed another petition to proceed to adjudication, alleging new community-supervision violations, including alcohol or drug use, failure to maintain a home alcohol monitoring system, and failure to report. Grable pleaded true to the allegations, and the trial court, finding the allegations true, adjudicated him guilty and sentenced him to fifteen years' confinement. This appeal followed.

Grable's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). In compliance with *Kelly v. State*, counsel notified Grable of his motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate his review of the appellate record by providing him with a copy of the clerk's and reporter's records. *See* 436 S.W.3d

2

313, 319 (Tex. Crim. App. 2014). This court afforded Grable the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 4, 2015

3